United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

PACIFIC THOMAS CORPORATION, dba PACIFIC THOMAS CAPITAL, dba SAFE STORAGE,

Debtor.

---

KYLE EVERETT, Chapter 11 Trustee,

Plaintiff,

v.

DARROW FAMILY PARTNERS,

Defendant.

Case No. 15-cv-06324-MMC

Bankruptcy Case No. 14-54232 MEH,
Adv. Proc. No. 14-05105

**DECISION AFFIRMING JUDGMENT OF BANKRUPTCY COURT**

Before the Court is defendant/appellant Darrow Family Partner's ("Darrow") appeal from the judgment entered December 8, 2015, in the United States Bankruptcy Court, in favor of Kyle Everett, the Chapter 11 trustee ("Trustee") for the estate of Pacific Thomas Corporation ("Debtor"). Having read and considered appellant's brief[1] and the record on appeal, the Court rules as follows.

On August 5, 2014, the Trustee commenced an adversary proceeding against Darrow, in which the Trustee sought to avoid and recover from Darrow transfers in the amount of $22,024.15, which transfers allegedly were made to or for the benefit of Darrow by the Debtor or another entity, Pacific Trading Ventures ("PTV"), in violation of Title 11 of the United States Code. (See Compl., filed August 5, 2014, Ex. 1.) With

---

[1]The Trustee, appellee herein, did not file a brief.

respect to the transfers by PTV, the parties appeared to agree that the funds transferred were rental payments collected by PTV from customers of a self-storage facility owned by the Debtor. The parties disagreed, however, as to whether the rental payments were the property of the Debtor or PTV, said dispute being centered on the nature of the contractual relationship between the Debtor and PTV. The Trustee took the position that the relationship was governed by a 2003 management services agreement under which PTV collected rent on behalf of the Debtor, i.e., that the rental payments were the property of the Debtor, whereas Darrow took the position that the relationship was governed by a 2005 lease agreement whereby PTV leased the self-storage facility from the Debtor, i.e., that the rental payments were the property of PTV.

After conducting a court trial, the bankruptcy court found the Trustee was entitled to the total amount sought, specifically, $22,059.51.

In the instant appeal, Darrow raises two arguments, which the Court considers in turn.

**A. Issue Preclusion**

Darrow argues the bankruptcy court erred in finding the sums transferred by PTV were the property of the Debtor.[2] In that regard, Darrow first observes that, in a prior adversary proceeding brought by the Trustee against PTV and others, but not Darrow, the bankruptcy court had found the lease agreement between the Debtor and PTV was invalid and that the contractual relationship between said entities was governed by the management services agreement.[3] Based thereon, Darrow contends the bankruptcy

[2]In its brief, Darrow contends all of the challenged transfers were made by PTV. Darrow, however, cites no evidence to support such contention, and the above-cited exhibit to the complaint reflects at least one transfer by the Debtor. (See id.) Nevertheless, in light of the ruling set forth below, the Court does not further address herein Darrow's failure to identify the transfers implicated by its issue preclusion argument.

[3]The judgment entered in the prior proceeding was affirmed by this Court. See Everett v. Whitney (In Re Pacific Thomas Corp.), 2016 WL 2643679, at *5 (N.D Cal. May 10, 2016) (affirming judgment; finding bankruptcy court "did not err in finding the 2005 [l]ease was invalid and unenforceable").

United States District Court
Northern District of California

court, in the instant adversary proceeding, erroneously determined that Darrow was "bound" by the judgment entered against PTV in the prior adversary proceeding (see Opening Brief at 11:14-16), despite the fact that Darrow was not a party to that action.

As set forth below, the Court finds the bankruptcy court did not base its determination on a finding that Darrow was bound by the bankruptcy court's decision in the prior adversary proceeding.

First, the bankruptcy court found the Trustee had met its burden to show that any transfers to Darrow by PTV were the property of the Debtor. As the bankruptcy court explained, the Trustee had served on Darrow requests for admission in which Darrow was asked to admit (1) the Debtor and PTV were parties to a management services agreement in which PTV agreed to "provide property management services to [the] Debtor at [the] Debtor's self-storage facilities" and (2) any transfer made to Darrow by PTV that the Trustee sought to avoid and recover was "a transfer of an interest of the Debtor in property" (see Memorandum Decision, filed December 8, 2015, at 2:5-6, 2:26, 3:2-12), after which Darrow failed to respond to either such request (see id. at 2:6-7). As the bankruptcy court further explained, where a party fails to respond to a request for admission, the request is deemed "admitted," see Fed. R. Civ. P 36(a)(3), and such admitted matter is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended," see Fed. R. Civ. P. 36(b). Noting Darrow "did not file a motion to withdraw its admissions" (see Memorandum Decision at 2:10), the bankruptcy court found the Trustee "had established by [Darrow's] admissions that each Transfer was a transfer of an interest of the Debtor in property" (see id. at 2:11-12; 13:10-11).[4]

//

[4]Darrow has not challenged the bankruptcy court's rulings with respect to the effect of Darrow's failure to respond to the Trustee's requests for admission.

Next, the bankruptcy court, although finding the Trustee, given Darrow's admissions, had established the subject transfers were the property of the Debtor, nonetheless afforded Darrow the "opportunity to introduce evidence in support of its defenses," including its defense that any transfers Darrow received from PTV were the property of PTV. (See id. at 2:26, 3:8-12, 6:21-22, 6:24-7;1; 13:2-3.)[5] In that regard, to support its position that the contractual relationship between the Debtor and PTV was governed by the lease agreement and not the management services agreement, Darrow offered testimony by one of its officers, documentary evidence and the "transcript from the trial in the prior adversary proceeding." (See id. at 13:11-14.) The bankruptcy court, while noting its prior ruling on the issue as presented in the earlier adversary proceeding, expressly acknowledged Darrow's argument that Darrow was not bound by such prior determination (see id. at 13:3-9), after which the bankruptcy court identified the evidence Darrow had offered "[i]n this case" (see id. at 13:10), and made the following findings:

> On the basis of the evidence presented, the court does not find [Darrow's] argument persuasive in this adversary proceeding — particularly when taking into consideration the testimony introduced through the prior trial transcript. The evidence presented is insufficient to overcome [Darrow's] admission that each transfer was a transfer of an interest in Debtor's property.

(See id. at 13:14-18.)

The Memorandum Decision thus makes clear that the bankruptcy court's determination was based on the evidence presented at the trial conducted on the claims in the Trustee's complaint against Darrow, i.e., "in this adversary proceeding" (see id.), and not based on a finding that Darrow was bound by the bankruptcy court's decision in the prior adversary proceeding. Indeed, if the bankruptcy court was of the view that its prior determination was binding on Darrow, there would have been no need to allow Darrow to offer evidence and then determine whether or not such evidence was persuasive.

---

[5]The bankruptcy court made the ruling over objection by the Trustee. As the Trustee has not filed a brief in response to Darrow's appellate brief, the merits of such objection are not before this Court.

**B. Claim Preclusion**

Darrow asserts, in the alternative to the above-referenced argument, that it was in privity with a party to the prior adversary proceeding, and that the bankruptcy court erred by finding Darrow had failed to show the claims alleged by the Trustee in the instant adversary proceeding were barred under the doctrine of claim preclusion.

"Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation raises the same issues as the earlier suit." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (internal quotation and citation omitted). Claim preclusion applies "when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). "A party asserting preclusion must carry the burden of establishing all necessary elements." Taylor, 553 U.S. at 907 (internal citation and quotations omitted).

Before the bankruptcy court, Darrow argued that, under the doctrines of privity and claim preclusion, the Trustee was barred from proceeding against Darrow in the instant adversary proceeding, having named, as a defendant to the prior adversary proceeding, Randall Whitney, a general partner in Darrow. The bankruptcy court rejected Darrow's argument. Having reviewed that ruling de novo, the Court finds no error because, as discussed below, the claims alleged in the two actions are not the same. See Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988) (holding trial court's "ruling as to availability of . . . claim preclusion" is reviewed "de novo").[6]

As noted above, the Trustee, in the prior adversary proceeding, sought to recover payments made to PTV by customers of the self-storage facility owned by the Debtor. (See Complaint, Everett v. Whitney, Bankr. Case No. 13-4079, filed April 11, 2013.) As further noted above, the Trustee, in the instant adversary proceeding, sought to recover

[6]In light of this finding, the Court does not address herein Darrow's argument that it was in privity with Randall Whitney.

United States District Court
Northern District of California

payments made to Darrow by PTV; Darrow has not shown the propriety of any such transfer was at issue in the prior proceeding. (See, e.g., Compl. Ex. 1 (identifying, as among transfers Trustee sought to recover from Darrow in instant proceeding, $2500 yacht harbor fee, $559.79 drapery fee, $279.30 for meals in Hawaii, $256.64 medical services charge, $467.68 in fees owed to "legal" consultants, and numerous bank fees and charges).)

**C. Summary**

In sum, as the bankruptcy court did not base its decision on a finding that Darrow was bound by the determination in the prior proceeding, and did not err in finding Darrow failed to show that any claim in the instant proceeding was barred by the doctrine of claim preclusion, Darrow has failed to show it is entitled to any relief on appeal.

**CONCLUSION**

For the reasons stated above, the judgment of the bankruptcy court is hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: December 8, 2016

MAXINE M. CHESNEY
United States District Judge